UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JULIE JEAN BAPTISTE,  Civil Action No.

                Plaintiff,

  -against-

SCO FAMILY OF SERVICES,

                Defendant.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiff, Julie Jean Baptiste, as and for her Complaint against Defendant, SCO Family of Services, respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff, Julie Jean Baptiste ("Plaintiff"), was employed by Defendant as a case planner from on or about March 30, 2014 to on or about September 9, 2015.

6. Upon information and belief, SCO Family of Services ("defendant") is a domestic not for profit corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, SCO maintains a place of business located 89-30 161st Street, Jamaica, New York.

## FACTS

8. At all times relevant to this action, Plaintiff was employed as a case planner for the benefit of and at the direction of Defendant.

9. During her employment, the Plaintiff generally worked Monday through Friday.

10. During this time, Plaintiff's shift generally began at 8:30 a.m. each day and ended at 6:30 p.m. each day.

11. Defendant recorded the actual hours that the plaintiff worked each day of her employment and has a record of such hours.

12. During her employment, Plaintiff worked 50 hours each week.

13. During this time, Plaintiff was not given and did not take any uninterrupted meal breaks.

14. During this time, Plaintiff was paid a salary each week.

15. During this time, the Defendant did not pay the Plaintiff overtime compensation.

16. During this time, the Defendant did not pay the Plaintiff one and a half times her regular rate of pay when she worked more than 40 hours each week.

17. Plaintiff was not exempt from the overtime provisions of the FLSA or any applicable state laws.

18. Defendant managed Plaintiff's employment, including the amount of overtime worked.

19. Defendant dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

20. Defendant was aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which she was entitled for this work time under the law.

21. Defendant' failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. §201 ET SEQ.**
**FAILURE TO COMPENSATE FOR OVERTIME**

22. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

23. That Defendant is a public agency.

24. That the activities performed by Defendant's employees, agents and servants are performed for a business purpose.

25. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

26. Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

27. Upon information and belief, the gross annual volume of sales made or business done by Defendant for the years 2015 and 2014 was not less than $500,000.00.

28. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

29. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

30. By the above-alleged conduct, Defendant has violated the FLSA by failing to pay the Plaintiff overtime compensation as required by the FLSA.

31. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

32. However, none of the Section 13 exemptions apply to the Plaintiff because she has not met the requirements for coverage under the exemptions.

33. Defendant has acted willfully and has either known that its conduct violated the FLSA or have shown reckless disregard for the matter of whether its conduct violated the FLSA.

34. Defendant has not acted in good faith with respect to the conduct alleged herein.

35. As a result of Defendant's violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR ARTICLE 6 AND 19
## FAILURE TO PAY OVERTIME UNDER NEW YORK LABOR LAW

36. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

37. At all times relevant to this Action, Plaintiff was employed by Defendant within the meaning of New York Labor Law §§2 and 651.

38. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

39. By the above-alleged conduct, Defendant failed to pay Plaintiff overtime compensation as required by the New York Labor Articles.

40. By the above-alleged conduct, Defendant have failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty hours a week for Defendant.

41. Plaintiff is not exempt from the overtime provisions of the New York Labor Articles, because she has not met the requirements for any of the reduced number of exemptions available under New York law.

42. Defendant has acted willfully and has either known that its conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether its conduct violated the New York Labor Articles. Defendant has not acted in good faith with respect to the conduct alleged herein.

43. As a result of Defendant' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through her attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendant, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that the Defendant committed one or more of the following acts:

  1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

  2. Willfully violated overtime provisions of the FLSA;

  3. Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiff;

  4. Willfully violated the overtime wages of the NYLL.

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

E. Provide such further relief as the Court deems just and equitable.

Dated: Westbury, New York
December 15, 2015

Neil H. Greenberg & Associates, P.C.
By: Neil H. Greenberg, Esq.
Attorneys for the Plaintiff
900 Merchants Concourse, Suite 314
Westbury, New York 11590
(516) 228-5100

## FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Jean-Baptiste v. SCO Family of Services** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Westbury, New York
       September 14, 2015

*Julie Jean-Baptiste*
Julie Jean-Baptiste